IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| TERRELL PORTER, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | CIVIL ACTION FILE |
| | } | NO. _____ |
| DEPUTY SHERIFF ANTHONY | } | |
| WRIGHT, in his individual  capacity, | } | |
| SHERIFF LARRY DEAN, in his official | } | |
| capacity, and LAURENS COUNTY, | } | |
| GEORGIA, | } | |
| | } | |
| Defendants. | } | |
| _____ | } | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1.    Plaintiff Terrell Porter brings this suit for damages against the

Defendants following Porter's receipt of catastrophic injuries when

Deputy Wright ran over Porter with Wright's law enforcement vehicle in

November of 2017. Wright is sued for violating the Fourth Amendment

to the United States Constitution.  The other defendants are sued because

of Wright's negligent operation of the county owned vehicle.  In support

of his claims for damages Mr. Porter shows as follows:

-1-

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the claims presented where Plaintiff alleges a violation of his federal civil rights by Defendant Deputy Anthony Wright thereby vesting jurisdiction with this Court pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343(3).  This Court has jurisdiction over Plaintiff's negligence claims against Sheriff Dean and Laurens County, Georgia, by operation 28 U.S.C. § 1367.

3.    Defendant Deputy Anthony Wright caused Plaintiff's injuries in Laurens County, Georgia; venue is appropriate in the United States District Court for the Southern District of Georgia, Dublin Division, pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.    Plaintiff Terrell Porter is a United States citizen, resident of Georgia, and competent to bring this lawsuit.

5.    Defendant Anthony Wright was at all times pertinent hereto employed as a Deputy Sheriff with the Laurens County Sheriff's Office. Deputy Wright is sued as to the 4th Amendment claim in his individual capacity. At all times relevant to the complaint, Deputy Wright acted under the color of law.

6.     Defendant Sheriff Larry Dean was at all times pertinent hereto the duly elected Sheriff of Laurens County, Georgia. Sheriff Larry Dean is sued in his official capacity.  Sheriff Dean is only sued for State law violations.

7.      Defendant Laurens County, Georgia, existing by operation of the laws of the State of Georgia, is a body corporate subject to suit.  Defendant Laurens County is only sued for State law violations.

## COUNTY WAIVER OF SOVEREIGN IMMUNITY AND COMPLIANCE WITH PROCEDURAL PREREQUISITES

8.     An  Ante Litem Notice has been served upon the Chairman of the Board of  Commissioners of Laurens County, Georgia. Attached hereto, and marked as Exhibit "A", is a true and correct copy of said Ante Litem Notice.   An Ante Litem Notice has been served upon Sheriff Larry Dean. Attached hereto, and marked as Exhibit "B," is a true and correct copy of the Ante Litem Notice served upon Defendant Dean.

9.     Laurens County had an insurance policy in place on November 26, 2017, which covered automobile liability up to $1,000,000 per occurrence, thereby waiving Laurens County's state law based sovereign immunity defense pursuant to O.C.G.A. § 33-24-51.  *Gates v. Glass*, 291 Ga. 350 (2012)

-3-

10.  Attached hereto, and marked as Exhibit "C", is a true and correct copy of the description of the Automobile Liability Coverage Overview which was in effect on November 26, 2017.

11.  All conditions precedent to the maintenance of this action against Laurens County and against Sheriff Dean in his official capacity have been performed.

## FACTUAL CONTENTIONS

12.  On November 26, 2017, sometime after midnight, Defendant Wright was on duty in his capacity as a Deputy Sheriff for Laurens County, Georgia. While in Laurens County, Georgia, he was following a car driven by Porter.

13.  Wright followed Porter for the purpose of investigating and issuing a citation for the commission of a motor vehicle traffic violation.

14.  The car driven by Defendant Wright was a Dodge Charger Police Edition owned and insured by the Laurens County Board of Commissioners.

15.  In response to Wright's following him, Porter stopped his car.  Wright saw Porter get out of his car.  At the time that Porter got out of his car, he and Wright were located within Laurens County, Georgia.

-4-

16.   At the time that Porter got out of his car, Wright had no prior knowledge about Mr. Porter.

17.   At the time that Porter got out of his car, Wright had no knowledge of any prior arrests or convictions of Mr. Porter.

18.   At the time that Porter got out of his car, Wright had no knowledge of the existence of any warrants for the arrest of Mr. Porter.

19.   At the time that Porter got out of his car, Wright did not have any knowledge – one way or another – as to the presence of passengers in the car driven by Mr. Porter.

20.   At the time that Porter got out of his car, Wright did not have any knowledge of the contents of Porter's car.

21.   At the time that Porter got out of his car, Wright did not have any information concerning whether Porter possessed – either in the car or on his person – a weapon of any kind.

22.   At the time that Porter got out of his car, Wright did not have any knowledge of where Porter had been prior to the point in time at which Wright began to follow Porter's car.

23.   At the time that Porter got out of his car, Wright did not have any knowledge of the location to which Porter was driving.

24.     When Porter got out of the car he exited the driver's side front door.

25.     Wright saw that Porter got out of his car after Porter brought his car to a complete stop.

26.     As Wright got closer to Porter's car, Wright sped up.

27.     Once Porter exited his car, and while he was alongside of his vehicle, Wright's car rammed into Porter.

28.     When Wright hit Porter with Wright's car, Porter's body went up onto the hood of Wright's car, thereby injuring Porter.

29.     Porter tumbled to the ground.

30.     Once on the ground, Porter's arm was pinned to the ground by one of the front tires of Wright's car.  And in doing so Wright had used his car to seize Porter.

31.     With Wright's car at a full stop, Porter was still trapped underneath.

32.     Wright got out of his car.  At the time that he did so, Porter was unable to move from his location; Wright knew that Porter was on the ground, unable to move away from the arrest scene.

33.     In furtherance of arresting Porter, Wright got back into his car and moved it.

34. Wright put his car into the reverse gear and backed up.  In doing so, Wright ran the car over Porter's body.

35. Wright's use of his car to arrest Porter resulted in immediate paralysis and loss of sensation in both of his arms and both of his legs.  Porter suffered injuries to his spine, his ribs and to a multitude of other parts of his body.

36. Additional law enforcement and county personnel responded to the site of Porter's arrest.

37. Porter was transported from the site of his arrest by Laurens County EMS to the airport located in Dublin, Georgia.  He was then transported by an Air Evac Lifeteam to the Navicent Health Emergency Department in Macon, Georgia.

38. Porter remained in the care of the Navicent Medical Center in Macon, Georgia, for many months.  He remains paralyzed.  He has not worked at any employment following the injuries of November of 2017. Porter has suffered severe and ongoing mental and physical pain.  Porter has received, is receiving, and will receive extensive medical services as a direct and proximate result of Wright's actions**.

## **CAUSES OF ACTION**

### Negligent Operation of Motor Vehicle

39.    Defendant Deputy Wright operated the motor vehicle owned by Laurens
County, Georgia while in the course and scope of his employment as a
Deputy Sheriff in Laurens County, Georgia, and while a deputy working
in the service of Laurens County, Georgia and Sheriff Larry Dean.
Wright's actions in operating the motor vehicle constituted negligence
under the laws of the State of Georgia, negligence for which the County
and/or Sheriff Dean may be liable.

### Fourth Amendment to the United States Constitution

40.    Defendant Deputy Wright violated the Fourth Amendment's protection
against excessive force by hitting Mr. Porter with Wright's motor vehicle
during Wright's arrest of Porter.

41.    Terrell Porter was injured and paralyzed as a direct and proximate result
of Defendant Wright's use of excessive force in seizing Porter, in
contravention of the limitations imposed on law enforcement officers by
virtue of the Fourth Amendment of the United States Constitution.

42. Defendant Wright, in his individual capacity, is liable for this violation of the Fourth Amendment.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests this Court:

a. Hold a trial by jury on all issues so triable;

b. Award compensatory and special damages to Plaintiff against Defendant Wright for his violation of the Fourth Amendment;

c. Award compensatory and special damages to Plaintiff against Defendant Dean and against Defendant Laurens County, Georgia, as a result of the negligence of Deputy Wright.

d. Award costs of this action to Plaintiff including such costs and attorneys' fees as are permitted by operation of 42 U.S.C. § 1988; and

e. Award such other and further relief as to this Court is deemed just and proper.

S/ G. BRIAN SPEARS
Bar No. 670112
Attorney for Plaintiff

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele:  (404) 872-7086
Fax:   (404) 892-1128
Email: Bspears@mindspring.com

S/ A. JAMES ROCKEFELLER
Bar No. 611214
Attorney for Plaintiff

Rockefeller Law Center, P.C.
102 Tommy Stalnaker Dr.
P.O. Box 7385
Warner Robins, GA 31095-7385
Tele:  (478) 953-6955
Email:  jim@rockefellerlawcenter.com